**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com

*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SALLIE M. ESCOBEDO,<br><br>Plaintiff,<br><br>v.<br><br>PRIME RECOVERY LLC,<br><br>Defendant. | Case No.  **'19CV1096 JAH  JLB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**2. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES, SALLIE M. ESCOBEDO, through counsel, WAJDA LAW GROUP, APC, complaining of PRIME RECOVERY LLC, as follows:

**NATURE OF THE ACTION**

1.  This action arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

**JURISDICTION AND VENUE**

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. SALLIE M. ESCOBEDO ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 1430 La Corta Circle, Lemon Grove, California 91945.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

9. PRIME RECOVERY, LLC ("Defendant") is a foreign limited liability company with its principal place of business located at 360 Rainbow Boulevard. Floor 4, Niagara Falls, New York 14303.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 0291.

14. At all times relevant, Plaintiff's number ending in 0291 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

16. In January 2019, Plaintiff underwent an operation.

17. In consideration of services to be provided, Plaintiff agreed to be financially responsible to Plaintiff's medical provider.

18. Plaintiff did not pay the medical provider.

19. Plaintiff's balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. Plaintiff's balance is a "debt" as defined by Cal. Civ. Code. § 1788.2(d).

21. Plaintiff's balance is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

22. Several months ago, Plaintiff's medical provider placed Plaintiff's balance with Defendant for collection.

23. Plaintiff started to receive collection phone calls from Defendant.

24. On multiple occasions, Plaintiff answered, experienced momentary pause prior to being connected, before being prompted by an automated message stating:

"…if this is Sallie Escobedo, please press 1."

25. Each time, Plaintiff pressed "1," experienced momentary pause again prior to being connected to Defendant's representative.

26. Each time, Plaintiff explicitly demanded that Defendant stop calling.

27. Each time, Defendant hung up immediately upon being asked to stop calling.

28. Despite Plaintiff's multiple demands, Defendant continued/continues to place collection phone calls to Plaintiff.

29. In total, Defendant has placed (or caused to be placed) no less than 15 unconsented-to phone calls.

## DAMAGES

30. Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

31. Defendant's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the

increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish (compounded by the stressful Bankruptcy process), anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq.*)

32.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

33.     Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

34.     Defendant violated 15 U.S.C. §§ 1692d(5) by calling Plaintiff on no less than 15 occasions despite Plaintiff's multiple demand(s) that Defendant stop calling.

35.     Defendant's behavior of repeatedly calling Plaintiff was abusive, harassing, and oppressive.

36.     Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector

who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.    a finding that Defendant violated 15 U.S.C. § 1692d(5);

B.    an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.    an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E.    an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)

37.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38.    Defendant placed or caused to be placed no less than 15 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

5

39. Upon information and belief, based on the "clear pause" Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

40. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

41. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

42. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

43. As a result of Defendant violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

44. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT III:
**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*)**

45. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Cal. Civ. Code § 1788.11**

46. California Civil Code § 1788.11 provides:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or

(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debt under the circumstances.

Cal. Civ. Code §§ 1788.11(d) and (e).

47. Defendant violated Cal. Civ. Code §§ 1788.11(d) and (e) by calling Plaintiff's cellular telephone on no less than 15 occasions despite Plaintiff's demand(s) that they stop.

**Violation(s) of Cal. Civ. Code § 1788.17**

48. California Civil Code § 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

49. As alleged, Defendant violated 15 U.S.C. §§ 1692d(5); therefore violating Cal. Civ. Code § 1788.17.

50. Plaintiff may enforce the provisions of Cal. Civ. Code §§ 1788.11 and 1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees,

which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff request the following relief:

A.     a finding that Defendant violated Cal. Civ. Code §§ 1788.11 and 1788.17;

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

DATED: June 12, 2019                                  Respectfully submitted,

**SALLIE M. ESCOBEDO**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com