Joseph S. Davidson, *Pro Hac Vice* (Ill. Bar No. 6301581)
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-581-5450
jdavidson@sulaimanlaw.com

Nicholas M. Wajda (Cal. Bar No. 259178 )
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North
Suite 400
San Diego, California 92108
+1 310-997-0471
nick@wajdalawgroup.com

*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALLIE M. ESCOBEDO,<br><br>Plaintiff,<br><br>v.<br><br>PRIME RECOVERY LLC,<br><br>Defendant. | Case No. 3:19-cv-01096-JAH-JLB<br><br>**SUPPLEMENTAL BRIEF RE: ACCOUNTING OF DAMAGES** |

NOW COMES SALLIE M. ESCOBEDO (the "Plaintiff"), through undersigned counsel, in response to the Court's January 14, 2020 request for briefing [Doc. 11], stating as follows:

**BACKGROUND**

1. On June 12, 2019, Plaintiff brought suit against Defendant alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.; the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.; and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code § 1788 *et seq*. [Doc. # 1].

2. In January 2019, Plaintiff sought medical treatment.

1

3. Said medical treatment generated certain bills.

4. Those bills, once unpaid, were turned over to Defendant.

5. Thereafter, Plaintiff started to receive collection phone calls from Defendant.

6. On multiple occasions, Plaintiff answered, Plaintiff experienced momentary pause prior to being prompted by an automated, machine-operated voice saying:

*"…if this is Sallie Escobedo, please press 1."*

7. Each time, Plaintiff pressed "1," Plaintiff experienced momentary pause again prior to being connected to Defendant's representative.

8. On multiple occasions, Plaintiff explicitly instructed Defendant to stop calling.

9. Unfortunately, these phone calls continued.

10. In total, Defendant placed (or caused to be placed) no less than 15 unwanted, unauthorized, unconsented-to phone calls to Plaintiff.

## REQUEST OF DAMAGES

11. Plaintiff seeks statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

12. Plaintiff seeks statutory damages pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

13. Plaintiff seeks treble damages pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

14. Plaintiff seeks statutory damages pursuant to Cal. Civ. Code § 1788.30(b)

## Fair Debt Collection Practices Act

15. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. §§ 1692d(5).

2

16. "Intent may [] be found with a pattern of calling where a collector calls back immediately, continues to call after being asked to stop, or calls numerous times in the same day." *Ammons v. Diversified Adjustment Serv.*, 2019 U.S. Dist. LEXIS 175842, 2019 WL 5064840, *16 (C.D. Cal. 2019) (citing *Stirling v. Genpact Servs., LLC*, 2012 U.S. Dist. LEXIS 49816, 2012 WL 952310, at *2 (C.D. Cal. 2012).

17. As alleged, Defendant placed (or caused to be placed) no less than 15 phone calls after being asked to cease; violating 15 U.S.C. § 1692d(5).

18. Damages are not accrued per violation.

19. Accordingly, Plaintiff seeks maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

**Telephone Consumer Protection Act**

20. Section 47 U.S.C. §227 (b)(1)(A)(iii) provides:

(b) Restrictions on the Use of Automated Telephone Equipment

> (1) Prohibitions. – It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
>
>> (A) to make any call (other than a call made for emergency purposes of made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice –
>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

21. As alleged Defendant placed (or caused to be placed) no less than 15 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular

telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

22. Plaintiff seeks $7,500.00 in statutory damages ($500.00 x 15 phone calls) pursuant to 47 U.S.C. §227(b)(3)(B),

23. "If the court finds that the defendant willfully or knowingly violated" the TCPA, it may award treble damages. 47 U.S.C. § 227(b)(3)(C).

24. One Court defines a willful violation as when a "Plaintiff notifies Defendant to stop calling and Defendant disregards the request." *Sapan v. Authority Tax Services, LLC*, 2014 U.S. Dist. LEXIS 196025, 2014 WL 12493282, at *2 (S.D. Cal. 2014).

25. Plaintiff seeks $22,500.00 in treble damages ($1,500.00 x 15 phone calls) pursuant to 47 U.S.C. §227(b)(3)(C).

**Rosenthal Fair Debt Collection Practices Act**

26. Cal. Civ. Code § 1788.11 provides:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or

(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debt under the circumstances.

Cal. Civ. Code §§ 1788.11(d) and (e)

26. Cal. Civ. Code § 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Cal. Civ. Code § 1788.17

4

27. As alleged, Defendant placed (or caused to be placed) no less than 15 phone calls after being asked to cease; violating Cal. Civ. Code § 1788.11(d) and (e).

28. Moreover, because Defendant violated 15 U.S.C. § 1692d(5); they also violated Cal. Civ. Code § 1788.17.

29. Damages are not accrued per violation.

30. Accordingly, Plaintiff seeks maximum statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b)

## CONCLUSION

Taking into account Defendant's alleged conduct, Plaintiff implores this Court to punish Defendant to the fullest extent of the law. As alleged, Defendant engaged in willful unlawful collection activities; violating 15 U.S.C. § 1692d(5), 47 U.S.C. §227(b)(1)(A)(iii), as well as Cal. Civ. Code §§ 1788.11(d) and (e) and 1788.17. Because Defendant willfully chooses not to take part in this action, they shouldn't be granted leniency by the Court.

WHEREFORE, Plaintiff respectfully requests the Court:

A. Enter an Order of Default Judgment against Defendant or in favor of Plaintiff;

B. Award statutory damages in amount of $1,000.00 to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Award statutory damages in amount of $7,500.00 pursuant to 47 U.S.C. §227(b)(3)(B);

D. Award treble damages in amount of $22,500.00 pursuant to 47 U.S.C. §227(b)(3)(C);

E. Award statutory damages in amount of $1,000.00 to Plaintiff pursuant to Cal. Civ. Code § 1788.30(b);

F. Award costs of this action, together with reasonable attorney's fees in amount of $3,916.00 to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c).

G. Allow post-judgment interest to accrue; and

H. Grant such other relief as this Court deems just and proper.

DATED: January 17, 2020

Respectfully submitted,

**SALLIE ESCOBEDO**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system.

*/s/ Joseph S. Davidson*